IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

REGINALD ENOCH )
    Plaintiff, )
)
v. ) Civil Action No. TMD 10-784M
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Reginald Enoch ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.§§ 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 11) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 14). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed his application for SSI in January, 2007 alleging disability since September 6, 2005 (subsequently amended to June 12, 2007) on the basis of double bypass surgery, an abdominal aortic aneurism, hypertension, depression, anxiety and sinus problems. R. at 140. His claim was denied initially and on reconsideration. R. at 37-40, 44-45. On March

10, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. A Vocational Expert ("VE") was present but did not testify. R. at 20-34. Plaintiff was represented by counsel. In a decision dated May 20, 2009, the ALJ denied Plaintiff's request for benefits. R. at 8-19. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-4.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20 C.F.R. § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following medically determinable impairments: history of abdominal aneurysm, benign nodules of the left lug, hypertension, depression and borderline intellectual functioning, but that Claimant did not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. Thereupon, the ALJ concluded that Claimant did not have a severe impairment or combination of impairments. Accordingly, the ALJ found Claimant not disabled. R. at 13-19.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## IV. Discussion

Plaintiff contends that (1) the ALJ improperly decided the case at step two of the sequential evaluation and should have decided it at step 3; (2) the ALJ did not follow the treating physician rule; and (3) the ALJ failed to obtain the testimony of the VE. The first two arguments will be addressed together.

### A. Step 2/3 Evaluation and Treating Physician Rule

Plaintiff contends that the ALJ erred in not proceeding beyond step two in the evaluation; and that had he proceeded, he would have found Claimant disabled at step three. At the outset, the Court notes that the determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. *See Bowen v. Yuckert,* 482 U.S. 137 (1987). Here, The ALJ noted the standard for finding a "severe" impairment in his decision:

3

> An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 C.F.R. §416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

R. at 12. While Plaintiff recites a plethora of medical evidence noting various diagnoses including borderline IQ and depression, he does not actually allege that he suffered from a "severe medically determinable impairment or combination of impairments." Plaintiff provides little, if any, argument or explanation as to how the ALJ erred in his assessment of Plaintiff's alleged impairment(s) and the severity thereof. While Plaintiff presents a factual background detailing significant difficulties, he fails to cite sufficient medical evidence to support his claims of a medically determinable disability; and significantly, fails to do so during the relevant time period. In fact, Plaintiff focuses on the ALJ's findings regarding his activities of daily living including that he can perform light housekeeping, perform his personal care, make his own meals, go outside, use public transportation, pay bills and get along with others. R. at 18. While the ALJ did cite to this evidence, he did so only after a thorough review of the pertinent medical evidence to support his finding that Claimant did not suffer from a severe impairment or combination thereof. In fact, as the Commissioner points out, the medical evidence is generally good after Claimant's amended alleged onset date of June 12, 2007. Nodules in Claimant's left lung were benign and there was no evidence of any follow up needed. R. at 16, 345. The ALJ noted a CT scan of Claimant's abdomen and pelvis dated

March 11, 2009 which showed there was no evidence of any abnormality or recurrence since Claimant's abdominal aortic repair in September, 2005. R. at 15, 377. He also noted Claimant's hypertension was well-controlled with medication. R. at 15, 358. Overall, the ALJ noted that the evidence indicates that Claimant attained good results with his surgery and apparently required minimal follow up as there were few medical records. R. at 15. Moreover, the ALJ found significant that Claimant repeatedly failed to follow up on mental health referrals repeatedly. R, at 15-18; *see, e.g.* R. at 360 (referral for evaluation of depression); 365 (same); 366 (same).

Incorporated within his findings, the ALJ addresses the opinions of various treating and non treating sources. Plaintiff argues that the ALJ improperly rejected the opinions of both of Claimant's consulting physicians, the psychological consultant and the examining medical expert. (Pl.'s Mot. Summ., ECF No. 11 at 16). The Court disagrees. For example, Plaintiff directs the Court's attention to the opinion of Dr. Woreta that Claimant was unable to work from January 19, 2006 through January 19, 2007. R. at 294-97. The ALJ cited the opinion and gave it no weight as it is indisputably before Claimant's alleged amended onset date of June 12, 2007. R. at 17. While Plaintiff acknowledges as much, he argues that the ALJ had some obligation to inquire into the opinion further to determine if it extended beyond the onset date. The Court disagrees. In fact, there is nothing confusing about Dr. Woreta's opinion nor does it contradict the ALJ's findings. Dr. Woreta only indicated that Claimant suffered from abdominal pain as a result of his surgery for which he was being treated with Tylenol. R. at 294. He did not indicate that Claimant suffered from either physical or environmental

5

limitations and that Claimant was in fact able to use his hands for simple grasping, pushing and fine manipulation. R. at 295. The Court finds no error in the ALJ's decision to afford Dr. Woreta's opinion no weight as it simply does not relate to the relevant time period, and is otherwise not inconsistent with the ALJ's findings.

Claimant also takes issue with the ALJ's treatment of the findings of the psychological evaluation performed by Dr. Edward Leslie Ansel, Ph.D. on February 24, 2009. Dr. Ansel indicated that Claimant was a man of borderline intelligence with some "apparent" orthopedic problems and a "history" of depression and that he "may" be precluded from substantial gainful employment. R. at 354. At the outset, Dr. Ansel was not a treating physician but a consultative examiner. Second, he was not an orthopedist or orthopedic surgeon. Finally, although Dr. Ansel indicates a "history of depression", the ALJ correctly notes that there is no such diagnosis. *See also* R. at 15-18, 355-74 (ALJ finding significant that Claimant repeatedly failed to follow up on mental health referrals and that there was no evidence that Claimant ever went to a psychiatrist). The Court finds the ALJ's opinion to afford Dr. Ansel's opinion no weigh supported by substantial evidence.[1]

B.  VE Testimony

Finally, Plaintiff asserts that the ALJ should have obtained the testimony of the VE because Claimant suffered from non-exertional limitations such as pain, borderline intelligence

---

[1] Because the Court finds that the ALJ did not err in finding Claimant not disabled at step two of the sequential evaluation, the Court finds that the ALJ did not err in not proceeding to step three of the

and mental illness. Because the Court finds that the ALJ did not err by deciding this matter at step two of the sequential evaluation, the failure to obtain VE testimony was not error.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date July 11, 2011  _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Copies to:
Vincent J. Piazza
6716 Harford Rd.
Baltimore, MD 21234


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

---

evaluation.